■ HUNTINGTON MINING HOLDINGS, INC., Formerly Known as HUNTINGTON MINING & REALTY WORLD, LTD., and Also Formerly Known as WORLD MINING AND INVESTMENT, LTD., Appellant, v COTTONTAIL PLAZA, INC., Respondent.—In an action, *inter alia,* for specific performance of a contract to sell real property, plaintiff appeals from an order of the Supreme Court, Suffolk County, dated March 21, 1980, which granted defendant's motion for summary judgment. Order reversed, with $50 costs and disbursements, and motion denied. The contract between the parties for the sale of land provided that the agreement be subject to and conditioned upon the purchaser obtaining a first mortgage loan in the amount of $3,300,000 from the Chase Manhattan Bank. We find that this clause did not preclude an all cash payment; the mortgage commitment was a condition to the contract, not a promise. While the original date set for closing was no later than April 2, 1979, certain title problems arose and closing was postponed. By letter dated April 26, 1979, Chase Manhattan Bank informed plaintiff's counsel that the title problems had been resolved. Such letter also stated that "In the event your clients are going to finance the purchase * * * it is imperative

that they submit financial statements * * * no later than May 3, 1979. You recently indicated that this transaction may be a cash deal. I would appreciate your advising me as soon as possible as to whether or not mortgage financing will be required." In a letter dated May 2, 1979, plaintiff's counsel questioned the resolution of the title problems and sought a 30-day adjournment of the closing. Defendant's title insurance company responded with a letter dated May 4, 1979 assuring the resolution of the title problems. In a letter dated May 23, 1979, defendant responded to plaintiff's request for a 30-day postponment by e⁻pressing a willingness to postpone closing until June 8, 1979 if plaintiff would consent to three "terms and conditions": (1) on or before May 31, 1979, plaintiff will submit satisfactory financial statements; (2) time shall be of the essence with respect to plaintiff's obligation to consummate the purchase and pay the balance of the purchase price no later than June 8, 1979; and (3) plaintiff shall signify its acceptance hereof by signing and returning a fully executed copy of the May 23, 1979 letter by May 29, 1979. Plaintiff never responded to the May 23, 1979 letter. By letter dated June 4, 1979 plaintiff asked for a reasonable extension of time to allow for a fair and reasonable chance to perfect the closing. In a letter dated June 5, 1979 defendant responded to such request by saying plaintiff failed to comply with the terms and conditions expressed in the May 23, 1979 letter and therefore held plaintiff in anticipatory breach. We find that there are issues of fact as to whether an anticipatory breach by either party exists by reason of the conduct of the parties both before and after these various letters were exchanged. A trial is needed to determine these issues (cf. *Long Is. R. R. Co. v Northville Inds. Corp.,* 41 NY2d 455; *Mardon v Simon,* 78 AD2d 805). Hopkins, J. P., Titone, Mangano and Gibbons, JJ., concur.